FILED & JUDGMENT ENTERED
David E. Weich

Feb 09 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_J. Craig Whitley_
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN D. MACIK and | ) | Case No. 05-32326 |
| PAULA C. MACIK, | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| RONALD and SHARON FRAHM, | ) | Adv. Proc. No. 05-3179 |
| DOUG CLINE, EDWARD L. SARTIN, | ) | |
| EDWARD A. SARTIN, CHRISTOPHER | ) | |
| T. SARTIN, ROBERT P. SARTIN SR., | ) | |
| ROBERT P. SARTIN, JR., RICHARD D. | ) | |
| SARTIN, SARTIN SERVICES, INC., | ) | |
| MARIE M. MCGINNESS SARTIN, | ) | |
| TED GRIFFIN, G. DONALD LAYNO, and | ) | |
| JOHN MICHAEL WILSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| JOHN D. MACIK, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter comes before the Court on the Defendant's Motion to Dismiss and his

alternative Motion for Judgment on the Pleadings. After a hearing held on October 27,

2005, the court took the motions under advisement. By Order of November 20, 2005, the Court requested the parties brief the issue of whether the state court's default judgment (based on dilatory discovery tactics) has a preclusive effect on this litigation and the dischargeability of the debt. Having considered their briefs and the applicable case law, it appears: (1) at this point the matter is properly considered a summary judgment decision, and not a motion to dismiss or a motion for judgment on the pleadings[1]; and (2) that there are no material disputed issues of fact presented in this case; rather, the outcome turns on a question of law.

Treating it as such, the undersigned concludes that the default judgment entered March 4, 2004 in the underlying state court action does in fact have a preclusive effect, applying the doctrines of collateral estoppel and Rooker-Feldman the debts are nondischargeable in bankruptcy under 11 U.S.C. §§ 523(a)(2), (4) and (6)[2]. Accordingly, the Defendants' Motions are denied; whereas Summary Judgment is granted to the Plaintiffs.

## STATEMENT OF FACTS

1. John D. and Paula C. Macik filed a voluntary Chapter 7 bankruptcy petition in this court on June 6, 2005.

2. On September 6, 2005, Ronald and Sharon Frahm, Doug Clien, Edward L. Sartin, Edward A. Sartin, Christopher T. Sartin, Robert P. Sartin Sr., Robert P. Sartin Jr., Sartin Services, Inc., Marie M. McGinness Sartin, Ted Griffin, G. Donald Layno, and

---

[1] In arguing motions, both sides presented matters outside the complaint. Bankruptcy Rules 7012 (b)&(c) state, if, on a motion to dismiss or judgment on the pleadings, "matters outside the pleading(s) are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Bankr. Pro. 7012(b)&(c).

[2] While the Plaintiffs' have not plead § 523(a)(6) the Court would permit an amendment to include this added nondischargeability issue to the Complaint.

John Michael Wilson ("Plaintiffs") filed a Complaint objecting to the dischargeability of their debts owed by John Macik ("Macik") under 11 U.S.C. §§ 523(a)(2) and (4).

3.  This adversary proceeding is the epilogue to litigation between the same parties (and others) in Guilford County, North Carolina Superior Court that was pending on the petition date.

4.  Before bankruptcy, Macik and others formed an internet-based, NASCAR related business known as TeamDriver.com. They created a business plan and solicited investments in their startup company. Plaintiffs were investors in TeamDriver.com.

5.  Unfortunately, TeamDriver.com quickly spun out and hit the wall. The business failed, and the Plaintiffs lost their investments. They responded by suing all concerned in state court to recover the sums they had invested. Their State Complaint states claims for Breach of Fiduciary Duty, Constructive Fraud, Fraud, Negligence and Gross Negligence, Breach of Contract, Misappropriation, Conversion of Funds, Misrepresentation, and Unfair and Deceptive Trade Practices.

6.  During that litigation, the State Defendants, including Macik, committed several dilatory acts. They failed to respond to Plaintiff's discovery requests. When they were ordered to make discovery by the state judge, the Defendants failed to comply with his order. Finally, when the Plaintiffs' returned to court to seek sanctions against them, the Defendants failed to appear in court. *Robert J. Allison, et. al. v. James L. Coffin, et. al.*, No. 02 CVS 012559 (N.C. Super. Ct. Guilford County March 4, 2004) (judgment records at Book 400, Page 76).

7. As a result, the presiding superior court judge struck the Defendants' answers and entered Judgment against the Defendants, including Macik. Judge Albright's ruling found the Defendants to be jointly and severally liable to the Plaintiffs for their actual damages of $213,200. These were trebled under the North Carolina Unfair Trade Practices Act to $639,600. Plaintiffs were also awarded their costs and attorneys fees. *Id.*

8. Judge Albright's Order and Judgment were supported by specific findings of fact and legal conclusions. In addition to finding in the Plaintiffs' favor on the aforementioned causes, Judge Albright determined two additional matters material to the present proceeding. First, the state court held that the Defendants' failures to make discovery and their failures to comply with the subsequent Order (requiring them to make discovery) were willful acts. Second, the state judge found that the Defendants were guilty of "willful and wanton conduct" in violation of Chapter 75 of the North Carolina General Statutes. N.C.G.S. § 75-1 et seq.

9. After the Order and Judgment were entered, the Plaintiffs unsuccessfully attempted to execute against Macik. He responded by filing bankruptcy in this court on June 6, 2005. The Plaintiffs then brought this adversary proceeding. They seek a declaration that their debts are nondischargeable in bankruptcy pursuant to 11 U.S.C. §§ 523(a)(2) and (4).

10. Macik filed a Motion to Dismiss, which alternatively asked for Judgment on the Pleadings. Macik argues that the Plaintiffs Amended Complaint is insufficient under Fed. R. Civ. Pro. 9(b) to state a claim for fraud. Among several arguments, Macik

contends: (1) the complaint lacks specificity as to the time, place, and contents of the alleged misrepresentations; (2) the representations themselves were not false or fraudulent; (3) he lacked scienter, precluding fraud; and (4) the Plaintiffs did not rely on the representations made to them.

## Legal Analysis

11. Macik's first contention is that the Plaintiffs' Amended Complaint is deficient under Fed. R. Civ. Pro. 9(b), and must be dismissed. This Court disagrees. Not only were these matters the subject of a prior lawsuit between these parties, they were reduced to an Order and Judgment in the state court. Macik can have no doubt as to the matters covered by this new complaint.

12. As to the merits of the action, most debts owed by a debtor are dischargeable in Chapter 7. However, section 523(a)(2) holds that debts incurred by false pretenses, false representations, actual fraud, or those incurred through the use of a false written financial statement may not be discharged. Similarly, section 523(a)(4) holds that debts occasioned by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny are not discharged. Finally, section 523(a)(6) states that debts attributable to willful and malicious injuries will not be discharged. 11 U.S.C. § 523(a).

13. State judicial proceedings are entitled to the same full faith and credit in federal courts as they have enjoy in law or usage of the courts of the State from which they are taken. 28 U.S.C. § 1738. Said in other terms, bankruptcy courts are required to grant the same preclusive effect to a state judgment, as a state court would give to the judgment. *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253, 257-58 (4th Cir. 2001); *See Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 19 (4th Cir. 1997).

14. The Fourth Circuit has applied full faith and credit principles to nondischargeability actions, holding that collateral estoppel precludes a judgment debtor from relitigating issues in a bankruptcy court that were actually litigated and necessary to the state court judgment. *Combs v. Richardson*, 838 F.2d 112, 113 (4th Cir. 1988).

15. To meet the "actually litigated and necessary" test, the Fourth Circuit determined that the debtor must have had knowledge of and participated in the previous state court action. *M&M Transmissions, Inc. v. Raynor (In re Raynor)*, 922 F.2d 1146, 1147 (4th Cir. 1991). As the Circuit court explained, a default judgment does not preclude a dischargeability action in a later bankruptcy case when a debtor in the previous action had no knowledge of the suit, did not appear and did not file a responsive pleading because these matters were not actually litigated and necessary to the judgment. *Id*.

16. On the other hand, a state court default judgment is preclusive if it was occasioned by dilatory tactics of a debtor who was active in the state proceeding but who was defaulted due to his misconduct. The Fourth Circuit has joined the Fifth, Eleventh, and Ninth Circuits in declaring the "actually litigated and necessary" standard satisfied if a default judgment was entered as a sanction for dilatory discovery tactics. *In re Ansari*, 113 F.3d 17, 19 (4th Cir. 1997); *See Gober v. Terra + Corporation (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996); *Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1323-25 (11th Cir. 1995); *FDIC v. Daily (In re Daily)*, 47 F.3d 365, 368-9 (9th Cir. 1995).

17. The Fourth Circuit holdings in *Raynor* and *Ansari* are not at odds with each other. As the court explained in *Ansari*, "In *Raynor*, unlike the case at hand, the parties engaged in literally *no* litigation … ." *In re Ansari*, 113 F.3d at 22.

18. Apart from collateral estoppel, the Rooker-Feldman doctrine also binds the bankruptcy courts. Rooker-Feldman dictates that, except as to habeas corpus petitions, the lower federal courts lack subject matter jurisdiction over challenges to state court judgments and may not set aside or disregard these decisions. This is a power exclusively reserved to the United States Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

19. In bankruptcy dischargeability actions, the Rooker-Feldman doctrine has been employed to bar relitigation of matters previously considered in state court. *See In re Fleming*, 287 B.R. 212, 216 (Bankr. E.D. Mo. 2001) (no jurisdiction to consider whether state trial judge properly instructed jury about punitive damages).

20. Turning to the present case, it is clear that these two doctrines mean Plaintiffs are entitled to a determination of nondischargeability of their debts.

21. As to the collateral estoppel effect, the forum state's law of collateral estoppel must be applied by the federal court to determine the preclusive effect of a state court judgment under the full faith and credit clause of 28 U.S.C. § 1738. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-42 (1982). The requirements of the doctrine under North Carolina law are (1) the issues must be the same as those involved in the prior action, (2) the issues must have been raised and actually litigated in the prior action, (3) the issues must have been material and relevant to the disposition of the prior

action, and (4) the determination of the issues in the prior action must have been necessary and essential to the resulting judgment. *State v. Summers*, 351 N.C. 620, 623, 528 S.E. 2d 17, 20 (N.C. 2000). In the present matter the only element whose existence is in dispute is whether the matters were "actually litigated."

22. Macik contends that under North Carolina law, a default judgment is not a matter "actually litigated" and therefore has no preclusive effect. His brief asserts that there are no North Carolina decisions holding that a default judgment has a preclusive effect. He cites *Ansari* in support: "North Carolina, unlike Virginia, has never rejected the majority view stated in the Restatement that "[a] default judgment cannot be used for collateral estoppel purposes, because no issues are actually litigated"." *Citing U.S. v. Ringley*, 750 F.Supp. 750, 759 (W.D. Va. 1990).

23. This postulate was true when *Ansari* was written. However, since then, a North Carolina federal court has weighed in on this issue. The U.S. District Court for the Middle District of North Carolina Court has rejected the Restatement view: "The (state) district court entered judgment after Plaintiff and Defendant both had the opportunity to file briefs stating their claims and defenses. The judgment therefore was a result of the trier of fact's resolution of the issues, and even though it was entered after the clerk's default, the judgment must accordingly be given preclusive effect on identical issues." *Cassell v. U.S.*, 348 F. Supp.2d 602, 605 (M.D.N.C. 2004). This court agrees with *Cassell*. A default occasioned by misbehavior in a state court proceeding in which the party is participating has a preclusive effect.

24. As in *Cassell*, Macik participated in the state court lawsuit for over a year. He filed an Answer in response to the Complaint, filed an Answer to the Amended Complaint and then engaged in discovery, albeit, in an improper manner. Macik was individually noticed of both the Motion to Compel hearing and the Motion for Sanctions hearing and was continually contacted by the Plaintiff's attorney.  Macik knew of the Motion for Sanctions and failed to appear at the hearing that caused the court to enter the Default Judgment on all counts of the Complaint, including fraud and misrepresentation, against him.

25. Thus, like Cassell, Macik was given an opportunity to participate in the state action and did actually participate.  His is not a case like *Raynor,* but is instead *Ansari*, 113 F.3d 17, 19 (4th Cir. 1997) and similar cases from other circuits such as *Gober, Bush, and Daily*.

26. Implicit in Macik's argument that the fraud issues were not "actually litigated" is a second argument, to wit:  because the state court did not specifically designate that the Order and Judgment were based on fraud, that cause was not "actually litigated." This Court thinks otherwise. The state court struck all of Macik's defenses and then proceeded to enter default judgment against him. In doing so, Judge Albright was ruling in favor of the Plaintiffs and against the Defendants on <u>all</u> counts of the Amended Complaint, including fraud, misappropriation, etc.  If the state court meant to limit its judgment to one theory, presumably it would have said so.  It did not.

27. Thus, in this case the Order and Judgment and all of the theories raised in the state court Amended Complaint were "actually litigated," and are entitled to a preclusive, collateral estoppel effect.

28. Since the state court has found Macik to have committed fraud against the Plaintiffs; of having breached fiduciary duties to them; to have misappropriated and converted their funds; and finally, having made additional findings that Macik committed willful and malicious acts against them, there are no genuine issues of fact to resolve in this adversary proceeding. As per *Ansari* and under principles of collateral estoppel, these debts are nondischargeable.

29. Even if there were no collateral estoppel effect, the defenses that Macik now wishes to assert in this proceeding could not be entertained by the bankruptcy court at this point in time. Macik would like to now argue that the representations he and his codefendants made to the plaintiffs were not false or fraudulent; that he lacked the requisite mental state for fraud; and that the plaintiffs did not rely on the representations made to them by Macik and the other state defendants. Unfortunately for him, these alleged defenses are elements of the underlying state law claims, which were determined when the state court entered its order and judgment. Since that Order and Judgment are final determinations of the state court, they may not be collaterally attacked in a federal trial court at this juncture, under the Rooker-Feldman doctrine.

30. Finally, public policy also weighs against permitting Macik further review in this court on these matters. Judge Albright defaulted Macik for bad behavior--for repeated failures to make discovery and failure to appear and to abide by the state court's orders. He found the Defendants' failures to make discovery and to comply with his order requiring them to make discovery to be willful acts. He also found the

Defendants guilty of "willful and wanton conduct" in violation of Chapter 75 of the North Carolina General Statutes.

31. A discharge in bankruptcy is intended to provide the debtor with a fresh start. Avoiding the consequences of otherwise valid and enforceable debts provides the debtor a new opportunity in life. However, because this opportunity comes at a high cost to creditors and to society at large, it is a conditional bargain. This opportunity is afforded only to an "honest but unfortunate debtor." *Brown v. Felson*, 442 U.S. 127, 128 (1979). This being the case, it follows that a debtor who has misbehaved in state court, who has refused to follow the orders of a state judge and has been disciplined for these misdeeds, should not escape punishment by filing bankruptcy. To permit this not only violates the congressionally mandated "honest but unfortunate debtor" standard, but also principles of comity. It undermines the authority of the state courts and encourages improper conduct by litigants. It is, in short, against public policy.

32. As to the trebled damages, costs and attorneys fees, the dischargeability of these obligations tracks that of the underlying debt. The Supreme Court has held that if a debt is found to have been incurred by fraud § 523(a)(2)(A) automatically excepts from discharge all liability, including an award for punitive damages. *Cohen v. de la Cruz*, 523 U.S. 213, 118 (1998). This would include the punitive trebling of actual damages, as well as the plaintiffs' costs and attorneys fees.

## ORDER

For these reasons, the Court hereby **ORDERS**:

1. The Defendant's Motion to Dismiss and his Motion for Judgment on the Pleadings, now treated as a Motion for Summary Judgment, are **DENIED;**

and

    2.   Summary Judgment is entered for the Plaintiffs. The Debts owed to Plaintiffs by John Macik arising from the Superior Court Order and Judgment dated March 4, 2004 are deemed nondischargeable.

| | |
|---|---|
| **This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order.** | **United States Bankruptcy Court** |