FILED & JUDGMENT ENTERED
David E. Weich

Oct 19 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

```
IN RE:                                    )
                                          )
JOHN D. MACIK and                         )    Case No. 05-32326
PAULA C. MACIK,                           )    (Chapter 7)
                                          )
            Debtors.                      )
_____)
                                          )
RONALD and SHARON FRAHM,                  )    Adv. Proc. No.
DOUG CLINE, EDWARD L. SARTIN,             )    05-3179
EDWARD A. SARTIN, CHRISTOPHER             )
T. SARTIN, ROBERT P. SARTIN SR.,          )
ROBERT P. SARTIN, JR., RICHARD D.         )
SARTIN, SARTIN SERVICES, INC.,            )
MARIE M. MCGINNESS SARTIN,                )
TED GRIFFIN, G. DONALD LAYNO, and         )
JOHN MICHAEL WILSON,                      )
            Plaintiffs,                   )
vs.                                       )
                                          )
JOHN D. MACIK,                            )
            Defendant.                    )
_____)
```

**ORDER**

**THIS MATTER** is before this Court on the following motions:

1

1) Defendant's Motion to Compel Discovery/Plaintiffs' Response;

2) Defendant's Motion for Extension of the Deadline to File Dispositive Motions and Supplement to Motion to Compel Discovery/Plaintiff's Response; and

3) Plaintiffs' two separate Motions for Extension of Time to Conduct Further Discovery/Defendant's Objections thereto/Plaintiff's Response.

A hearing was held on August 11, 2009. Afterward, these matters were taken under advisement in order to review the relevant discovery requests and responses.

**Defendant's Motion to Compel Discovery/ Plaintiffs' Response.**

1. Macik's Motion to Compel Discovery (regarding Defendant's Request for Admissions, Interrogatories and Requests for Production of Documents) must be subdivided between two groups of the Plaintiffs.

2. One subgroup of the named Plaintiffs, consisting of Ronald and Sharon Frahm, Doug Cline, Edward L. Sartin, Ted Griffin, G. Donald Layno and John Michael Wilson ("Responding Plaintiffs"), filed written responses to Macik's discovery requests. However, Macik contends that the Responding Plaintiffs' discovery responses are inadequate and/or fail to follow the applicable discovery rules.

3. A smaller group of Plaintiffs did not file any written responses to these requests: Edward A. Sartin, Christopher T. Sartin, Robert P. Sartin, Sr., Robert P. Sartin, Jr., Richard D. Sartin, Sartin Services, Inc. and Marie McGinness Sartin ("Non-responding Plaintiffs"). Rather, these persons through counsel offered Macik a written Stipulation which they maintain addresses the subject area of Macik's requests and obviates his need for discovery as to them.

4. Macik does not consider the Stipulation an adequate substitute for discovery and seeks to compel these persons to respond to his requests.

We will consider the two plaintiff's group's positions vis a vis Macik's requests, in turn.

A. <u>Motion to Compel (Responding Plaintiffs)</u>

   ***Request for Admission No. 12.***

5. Macik asks the Responding Plaintiffs to admit that they relied on the Business Plan in connection with their decision to invest in TeamDriver.com. Responding Plaintiffs apparently first denied this Request but then added an explanation that they "relied on Macik's verbal

3

statements at meetings attended by others and on the business plan."[1]

6. Macik argues Responding Plaintiffs' answer is insufficient under Rule 36(a)(4) because it denies the requested admission, but then admits what has just been denied (by responding that the Plaintiff "relied on Macik's verbal statements at meetings attended by others and on the business plan"). Responding Plaintiffs believe that they have fully answered No. 12 of the Request for Admission.

7. Rule 36(a)(4) stipulates that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

8. Since Responding Plaintiff's categorically denied Macik's request, but then in the explanation admitted some part of the request, Macik's contention is technically correct. Substantively, however, the response clearly states the Responding Plaintiffs' position. Responding Plaintiffs' answer to Request for

---

[1] Both side recite from the Responding Plaintiffs' Responses to Macik's discovery requests and reference is made to exhibits attached to the motion to compel. These exhibits include all of Macik's requests, as well as Responding Defendants' responses to his Interrogatories and Production of Documents.  However, Plaintiffs' responses to the Interrogatories were not filed. We will therefore assume that these say what they have been represented to say by the parties in their pleadings.

4

Admission No. 12 is deemed to be in the affirmative, with the qualification that the business plan was only partially relied upon in conjunction with Macik's verbal statements at meetings attended by others.

***Request for Admission No. 18.***

9. In this Request for Admission, Macik asks the Plaintiffs to admit that are no contracts or documents where TeamDriver.com agreed to hold in trust any funds invested in TeamDriver.com. Responding Plaintiffs apparently denied this request in toto but then further state they consider the term 'in trust' to be ambiguous.

10. Macik contends their response is inadequate because Responding Plaintiffs did not explain why the term "in trust" is ambiguous.

11. Rule 36(a)(4) states that a "denial must fairly respond to the substance of the matter." Under this standard, Responding Plaintiffs' answer to No. 18 is not a fair response.

12. In the first place, and in the context of this dischargeability action, the term "in trust" is not at all ambiguous. Plaintiffs' complaint includes a contention that Macik breached fiduciary duties he owed Plaintiffs under Section 523(a)(4).

5

13. In connection with Macik's most recent motion to dismiss this action, the parties had occasion to explore just what types of trusts (express, statutory, resulting, constructive) give rise to fiduciary duties within the ambit of the federal statute. Responding Plaintiffs, via their legal counsel, have recently submitted legal authorities to this Court on just this point. See Docket entry #67, filed April 6, 2009. Against this backdrop, Responding Plaintiffs were aware of Macik's meaning for the term "in trust."

14. However, if Responding Plaintiffs were uncertain about Macik's meaning, they should have reserved their rights through the ambiguity objection, and then answered the question by either (a) affording the term "in trust" its ordinary meaning, or (b) by differentiating between the trusts types they considered applicable. Having done neither, the Response is inadequate. Responding Plaintiffs are ordered to answer Request for Admission No. 18.

15. In the Motion to Compel Discovery, Macik also argues that Responding Plaintiffs have failed to adequately respond to his Interrogatories and Requests for Production of Documents. We will address each such request below. However, as to each, Responding

6

Plaintiffs reply is basically the same: they have provided Macik with all of the addresses and telephone numbers known to them.

***Interrogatories 1, 2, 3 and 19.***

16. In these requests, Macik seeks identification of persons involved in the TeamDriver.com investment transactions and in the preparation of this complaint, and the discovery responses. Under the definition of "identify" used in these requests, Macik seeks not just the names of these persons, but their addresses and phone numbers as well. Responding Plaintiffs have only identified these non-party individuals by name. Further the Responding Plaintiffs did not include the dates or parties to the alleged communications. The Court agrees with Macik's argument that these responses are insufficient.

17. Generally, Rule 37(a)(4) states that an evasive or incomplete disclosure, answer or response should be treated as a failure to respond. Thus, for the incomplete answers in the Interrogatories listed below the Responding Plaintiffs' answers are failures to respond and they will be ordered to respond anew to Interrogatories 1-3 and 19.

7

18. In addition to identifying individuals with knowledge of the allegations in the Complaint, Interrogatory 3 seeks a description of the knowledge they possess. No such description is provided in the Responding Plaintiff's response. The response is also deficient in this regard. Plaintiffs are directed to fully and completely answer Interrogatory 3.

19. Interrogatory 19 not only asks for (a) identification of all persons that were at the meetings attended by Macik and the Responding Plaintiffs, it also asks Plaintiffs to identify (b) the date and locations of such meetings and (c) the matters discussed at those meetings. The Responding Plaintiffs' answer is vague and insufficient as to these matters. The Responding Plaintiffs are directed to answer Interrogatory 19.

*Interrogatory 5*

20. Interrogatory 5 asks for identification of all documents received from Macik regarding TeamDriver.com. The Responding Plaintiffs did not respond to Interrogatory No. 5, but instead referred to a list of documents provided in response to Request for Production of Documents No. 1.

21. The responses to the Production Request are not in the Court file, and not locatable among the submissions

8

from hearing on this matter. As such, the Court cannot analyze the adequacy of these responses and therefore cannot find the responses inadequate.

*Interrogatory 7*

22. Interrogatory 7 asks for identification of all communications relating to TeamDriver.com made by any Responding Plaintiff or State Court Action Defendant. The Responding Plaintiffs indirectly indentify these communications by reference to the earlier State Court complaint, Paragraphs 22 through 31, but without indentifying the complaint as a responsive document. Such response by reference to a pleading filed in another court is insufficient under the Rule 37(a)(4). Responding Plaintiffs are ordered to answer Interrogatory 7.

*Interrogatory 10*

23. Interrogatory 10 asks for all facts that the Responding Plaintiffs contend support their allegation that Macik failed to purchase the proper equipment necessary for TeamDriver.com. Responding Plaintiffs did not indentify any facts that support the allegation that Macik failed to purchase the proper equipment necessary for TeamDriver.com. Rather, they asserted that if any

9

such equipment were in existence it would have been available when the business liquidated.

24. Macik argues that a fair reading of the response for Interrogatory 10 should be that Responding Plaintiffs have no knowledge of any fact supporting a key allegation in this action.

25. This argument has been previously considered in conjunction with Macik's Rule 9(b) motion. The Responding Plaintiffs have not stated factually what happened to their investments. They could not. As the Responding Plaintiffs point out, Macik et. al were in exclusive possession of the funds invested and of any equipment purchased. The entire point of this action, and the state court action that preceded it, is that the Plaintiffs gave Macik et. al. their investment dollars; TeamDriver never reached operational status; and the Plaintiffs' investments are gone. Plaintiffs want to know what disposition(s) were made of their monies. They fear the worst. What was or was not purchased, is information exclusively held by the business' principals, not the investors. Plaintiffs cannot be expected to detail that which has been withheld from from them. The Responding Plaintiffs' answer to Interrogatory 10, coupled with their response to the

10

Motion to Compel is sufficient. No further response to this Interrogatory is needed.

B. Motion to Compel (Non-responding Plaintiffs)

26. As noted above, instead of responding to Macik's discovery requests, on July 14, 2009 the Plaintiffs' attorney filed a signed stipulation stating that Plaintiff Edward A. Sartin responded to the discovery requests for himself and for co-Plaintiffs Edward L. Sartin, Christopher T. Sartin, Robert P. Sartin, Robert P. Sartin, Jr., Richard D. Sartin, Marie M. McGinness Sartin and Sartin Services, Inc together herein the "Sartin Group". The Stipulation further stated that when he invested in TeamDriver.com, Edward L. Sartin had directed its principals to place his stock certificates in the names of the above-mentioned members of the Sartin Group.

27. The Non-Responding Plaintiffs' position is that all of the Teamdriver.com solicitations and representations made to the Sartin Group were through communications with Edward L. Sartin. No discussions or communications were had with the other members of the Sartin Group. Further, Edward L. Sartin made the investment decisions for the other members of the Sartin Group. As the only active participant, the Non-Responding Plaintiffs

11

contend that Edward L. Sartin's responses are sufficient to stand for the other members of the Sartin Group.

28. Macik counters that admissions by Edward L. Sartin, as contained in his proposed "Stipulation of Edward L. Sartin" are nonbinding on the other Non-Responding Plaintiffs. Further such stipulation is not an adequate substitute for discovery of these persons.

29. The Non-Responding Plaintiffs counter that a stipulation signed by their counsel is binding on all of the Plaintiffs. They allege that this was a pragmatic way of reaching the heart of the issue found in Macik's discovery requests: what representations were made by Macik, et. al in conjunction with the Plaintiff's investments in TeamDriver? In short, the Non-Responding Plaintiffs are attempting to avoid discovery by stipulating that no representations were made at all.

30. This Court agrees that Plaintiffs are bound by pleadings signed and filed by their attorney. Fed.R.Civ.P. 26(g). And had both sides agreed to this stipulation, it might simplify the issues and reduce both sides' litigation costs. However, the parties did not so agree. In fact, both Macik and the Court were surprised about the substance of the Stipulation-- the acknowledgement that many of the Plaintiffs had no

12

interaction whatsoever with Macik and his business partners regarding the TeamDriver.com investment proposal. Through two lawsuits, one in the state court and this one in bankruptcy court (which has already been appealed to the Circuit Court of Appeals), this is the first time this important fact has been mentioned.

31. The admission is particularly troubling given that the lawsuit is partially premised on the allegation that Macik, et.al. fraudulently induced the Plaintiffs into investing in the TeamDriver.com startup company. Since no communications occurred with the Sartin Group members other than Edward L. Sartin, one wonders why this important circumstance was not mentioned in the Complaint. One also wonders whether these persons should be plaintiffs in this action at all.

32. That question is for another day. For present purposes, the proposed Stipulation is not an adequate substitute for Macik conducting discovery of the Non-Responding Plaintiffs. Non-Responding Plaintiffs are directed to respond to Macik's discovery requests, in accordance with the rulings stated above.

*Assessment of Fees.*

13

33. Macik's Motion to Compel Discovery requests that Plaintiffs pay his reasonable expenses incurred in making the motion including attorney fees and any other additional relief the Court deems just. Responding Plaintiffs view their responses as being adequate so they object to the request.

34. Rule 37(a)(5) generally states that if the motion is granted, the party whose conduct necessitated the motion must pay the movant's reasonable expenses, including attorney's fees. Given that Macik's Motion to Compel is granted in (larger) part and denied in (lesser) part, the Court will tax the Plaintiffs' with some measure of Macik's fees and expenses. To that end, Macik's counsel is directed to submit within fifteen days an affidavit for the Court's consideration, containing an itemization of his time and expenses incurred in bringing this motion. Plaintiffs may offer any specific objections within ten days thereafter. The Court will then make an award.

35. The Court is aware that Macik himself is not blameless as to the obligation to make discovery. After all, it was his (and his codefendants') failure to make discovery in the State Court proceedings that led to their being defaulted. Even at the hearing on this

14

matter, Macik was accused by Plaintiffs of failing to make discovery to Plaintiffs. (See below).

36. Going forward, the Court would apprise the parties that each side is to fully comply with the applicable procedural rules. Costs will be assessed as against parties failing without justification to comply with their obligations.

**B.  Plaintiffs' Motion for Extension of Time to Conduct Further Discovery and Defendant's Motion for Extension of the Deadline to File Dispositive Motions and Supplement to Defendant's Motion to Compel Discovery**

37. Both parties argue that extension of time for discovery should be granted as to them, but denied for their opponent. Each cites failure, perceived or actual on the other side's part for the lack of discovery. Without engaging in a tit for tat review of what was not produced and should have been and out of an abundance of caution, this Court elects to extend the discovery deadline to January 31, 2010.

38. The Court admonishes both parties to make use of this time to complete and review all prior production of

15

discovery, the Court does not anticipate any further extensions of time.


**SO ORDERED.**




**This Order has been signed                United States Bankruptcy Court
electronically.  The judge's
signature and court's seal
appear at the top of the Order.**